STATE BOARD OF TAX APPEALS.

CITY OF NEWARK, PETITIONER, v. NINE-SIXTEEN WEL-FARE CLUB OF NEWARK, NEW JERSEY, RESPONDENT.

Decided December 22, 1942.

For the petitioner, *Raymond Schroeder* (by *Vincent J. Casale*).

For the respondent, *Ferdinand J. Biunno.*

WAESCHE, President. Respondent was granted an exemption from taxation for the year 1941, by the Essex County Board of Taxation, on account of a building which it uses as a club house in the City of Newark. The City appeals in order to restore the assessment. Respondent claims to be entitled to exemption from taxation under either *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6, exempting the property of charitable, benevolent, religious and other similar organizations, or under *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, exempting the property of fraternal organizations.

The claim under the latter section cannot be allowed in view of the decision of the New Jersey Supreme Court in *The Rutgers Chapter of the Delta Upsilon Fraternity* v. *City of New Brunswick et al.*, 129 *N. J. L.* 238; 28 *Atl. Rep.* (*2d*) 759, holding that section to be unconstitutional. Aside from this circumstance, respondent is not entitled to exemption for the reason that we find that the property does not satisfy the statutory proviso that "no part of such property is used for pecuniary profit." This finding, moreover, makes it unnecessary for us to determine whether respondent is the type of organization contemplated for exemption by either *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, or *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6, as to which we entertain considerable doubt.

It is frankly conceded by respondent that a portion of its premises is rented out on a concession basis to a restaurant, and that respondent neither exercises any control over, nor partakes of the management of the restaurant. It is thus a fact that a part of the premises for which an exemption is claimed is devoted to the profit of a private restaurant enterprise. It further results that a portion of the premises is permanently devoted to a use other than that of the respondent's fraternal or other proper corporate purposes, that therefore the premises are not *exclusively* devoted to respondent's uses, as is required by *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6, and that it is not substantially entirely devoted to fraternal purposes, as is required by *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, under prior decisions of this board. See *The Sons of Veterans Building Association* v. *City of Paterson*, 19 *N. J. Mis. R.* 106; 17 *Atl. Rep.* (*2d*) 554 (*State Board,* 1941); *Peter Post* v. *Warren Point Volunteer Firemen's Association*, 19 *N. J. Mis. R.* 367; 19 *Atl. Rep.* (*2d*) 636 (*State Board,* 1941); see, also, *Cranford* v. *Cranford Legion Holding Co., Inc., New Jersey Tax Reports*, 1934-1939, *p.* 293, where President Weaver of this board adverted to the circumstance that "no portion of the building is permanently rented."

For the reasons stated, the exemption claimed must be denied and the judgment of the Essex County Board of Taxation reversed.